[Civ. No. 5428. Second Appellate District, Division One.—January 14, 1929.]

J. W. De GEER, Respondent, v. MORELAND MOTOR TRUCK COMPANY (a Corporation), Appellant.

290

Loyd Wright, Charles E. Millikan and Fred Reed for Appellant.

Crouch & Sanders for Respondent.

YORK, J.— Appellant's first contention is that the evidence is insufficient to support the findings of the court, that on or about the eighth day of May, 1923, the plaintiff subscribed and purchased from the defendant corporation 150 shares of common stock of the defendant corporation, or that the defendant and one Charles Klein agreed to receive in full payment for said 150 shares of common stock bonds of the United States described in plaintiff's complaint; and that the evidence is insufficient to support any finding that the defendant corporation entered into any agreement whatever with the plaintiff in connection with the 150 shares of common stock alleged to have been purchased from the defendant.

The appellant also objects that the evidence is insufficient to support the finding of the court that the plaintiff delivered to the said Charles Klein for the defendant all of the bonds of the United States, as described in plaintiff's complaint, or that the purchase price of the 150 shares of common stock, alleged to have been purchased, was paid. Appellant also objects that the evidence is insufficient to support the finding of the court that the defendant has neglected, refused, and failed to deliver any of the said 150 shares of common stock, so purchased by plaintiff from the defendant and paid for as set out in the complaint, or that the plaintiff has failed and refused to deliver or return to the plaintiff any of the bonds of the United States received in payment of the said stock.

Appellant also objects that the evidence is insufficient to support the finding of the court that there is now due, owing, and unpaid from defendant to plaintiff the sum of $1,575, together with interest thereon at the rate of seven per cent from December 24, 1923, or to support any finding that any sum whatever is owing from defendant to plaintiff.

An examination of the evidence shows that there was sufficient evidence in the record to sustain not only the findings objected to, but each and all of the findings made by the trial court.

There was objection made by appellant that the court erred in awarding interest on the amount found by the court to be due from the time it was made until entry of the judgment, which amounted to the sum of $220.50. As to this objection, it shows upon the face of the judgment that it is merely a calculation made by the trial court, and the trial court particularly provided that no interest was to be recovered upon the said sum of $220.50, and in the absence of any objection by the respondent, we do not see how this court can interfere with this computation made by the trial court.

The objection that the complaint did not state facts sufficient to state a cause of action is not well taken.

The objection that the conclusions of law are not supported by the findings of fact is not well taken, as the findings of fact fully support the conclusions of law, and the evidence, as we have heretofore stated, amply supports the findings of fact.

The eighth point made by appellant that material findings have been made without any support from the evidence has been answered by the statements heretofore made in this opinion. The judgment appealed from is therefore affirmed.

Crail, J., *pro tem.*, concurred.

Houser, Acting P. J., concurred in the judgment.